IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK ALONZO WILLIAMS,  :
                              :
       Petitioner    :    CIVIL NO. 1:16-CV-02479
                              :
  vs.                 :
                              :
PENNSYLVANIA DEPARTMENT  :    (Judge Rambo)
OF CORRECTIONS, et al.,  :
                              :
       Respondents   :

**MEMORANDUM**

On December 16, 2016, Petitioner, Mark Alonzo Williams, an inmate at the State Correctional Institution at Forrest, Marienville, Pennsylvania, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)  Williams paid the $5.00 filing fee.  The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.[1] For the reasons set forth below Williams' petition will be dismissed as untimely filed.

---

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

**Factual Background**

In the petition Williams alleges that he was sentenced on May 2, 2003, by the Court of Common Pleas of Centre County, Pennsylvania, for rape and involuntary deviate sexual intercourse, and received an aggregate sentence of imprisonment of 8 to 20 years. (Doc. 1, at 1.) Williams's petition is vague regarding the appeals and post-conviction proceedings he filed in state court. (Id.) However a review of the dockets of the Centre County Court of Common Pleas, the Pennsylvania Superior Court and the Pennsylvania Supreme Court reveals that Williams filed a direct appeal which concluded on July 14, 2005, when the Pennsylvania Supreme Court denied his petition for allowance of appeal. Commonwealth of Pennsylvania, Respondent v. Mark Alonzo Williams, Petitioner, 1013 MAL 2004.[2] Consequently, Williams'

---

2. The court utilized the Unified Judicial System of Pennsylvania Web Portal to review the trial and appellate court dockets of Williams' criminal case. A district court may take judicial notice of proceedings in another court. See United States v. Wilson, 631 F.2d 118 (9th Cir. 1980); Hayes v. Woodford, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings
(continued...)

judgment of sentence became final on July 14, 2005. No other proceedings in state court were filed by Williams until October 19, 2005, when he filed in the Court of Common Pleas of Centre County a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq. ("PCRA"). Commonwealth of Pennsylvania v. Mark A. Williams, CP-14-CR-0001773-2002. On December 6, 2005, the Court of Common Pleas denied Williams' PCRA petition. Williams filed a Notice of Appeal on January 3, 2006, and on September 12, 2006, the Superior Court reversed and remanded the case to the Court of Common Pleas for further proceedings and relinquished jurisdiction. Commonwealth of Pennsylvania v. Mark Alonzo Williams, Appellant, 124 MDA 2006. On September 19, 2006, the Court of Common Pleas appointed counsel for Williams and authorized counsel to file an amended PCRA petition which was filed by counsel on January 18, 2007. Commonwealth of Pennsylvania v. Mark A. Williams, CP-14-CR-0001773-2002. An answer to the amended petition was filed by the Centre County District

---

2. (...continued)
directly relate to the matter before the court.").

Attorney on February 20, 2007, and after holding a hearing and receiving briefs the Court of Common Pleas on March 7, 2008, denied Williams' amended PCRA petition.  After that denial Williams did not file any further proceedings in state court until December 12, 2016, when he filed in the Court of Common Pleas a second PCRA petition.

**Discussion**

There is a one-year statute of limitations for filing a § 2254 petition for writ of habeas corpus.  See 28 U.S.C. § 2244(d)(1).  For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  However, 28 U.S.C. § 2244(d)(2) also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]"  We will first address the

question of when Williams' conviction became final for purposes of the commencement of the 1-year statute of limitations and then address whether there is any other time excluded under §2244(d)(2).

As stated above, Williams was sentence on May 2, 2003. Williams took a direct appeal and his sentence became final on July 14, 2005. The period of time which elapsed from the date his sentence became final until Williams filed his first PCRA petition is 91 days. That time is counted towards the 1-year statute of limitations. From October 19, 2005, until 30 days after the trial court denied the amended PCRA petition, there were properly filed post-conviction proceedings pending in state court and that time is excluded from the calculation of the 1-year statute of limitations. Consequently, the statute of limitation recommenced running on April 7, 2008, and because the time from April 7, 2008, until December 12, 2016, the date Williams filed the a second PCRA petition, is well in excess of 1-year statute of limitations, the petition for writ of habeas corpus is untimely filed.

An appropriate order will be entered.

                                                s/Sylvia Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: December 29, 2016